IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONALD KEITH SMITH                                                                 PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:15cv356-CWR-FKB

ANGEL MYERS, VICTOR CARMODY, JR.,
and KEVIN STEWART                                             DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Summary Judgment [36] filed by Defendants Kevin Stewart and Victor Carmody, Jr., and the Motion to Dismiss [38] filed by Defendant Angel Myers.[1]  Plaintiff has filed a Responses [42, 43] to the Motions, and Defendants Stewart and Carmody have filed a Reply [45]. Plaintiff Donald Keith Smith is proceeding *pro se* and *in forma pauperis* ("IFP") in this matter filed pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986.   For the reasons discussed below, the undersigned recommends that the Motion for Summary Judgment [36] be granted and the Motion to Dismiss [38] be granted.

### I.  BACKGROUND

Smith is currently an inmate at the Baldwin County Correctional Center in Bay Minette, Alabama.[2]  He has sued Angel Myers, the Assistant District Attorney with the Jackson County, Mississippi, District Attorney's Office, in her individual capacity.  Also named as Defendants are Smith's criminal defense attorneys, Victor Carmody, Jr., and Kevin Stewart, whom he had

---

[1] The Motion to Dismiss [38] is filed on behalf of Defendant Angel Patano-Myers. However, Plaintiff named "Angel Myers" as a Defendant, and an Answer [22] was filed on behalf of Defendant "Angel Myers."  For the sake of consistency, the Court will continue to refer to Defendant Angel Patano-Myers as "Defendant Angel Myers."

[2] When Smith filed this action, he was incarcerated at the Jackson County Adult Detention Center, located in Pascagoula, Mississippi. [1] at 1.

retained.  *See* [11] at 2.  In this action, Smith brings claims pursuant to §§ 1983, 1985(3), and 1986, based upon Defendants' participation in his entry of a guilty plea on the charges of kidnapping, armed carjacking, and felony fleeing, while he was "possibly incompetent." [1] at 5.

Smith was originally indicted for two counts of kidnapping, one count of armed carjacking, and one count of felony evading a police officer in the Circuit Court of Jackson County, Mississippi.  *Smith v. State*, 149 So. 3d 1027, 1029 (Miss. 2014).  His case was set for trial on November 13, 2008.  *Id.*  However, on that date Smith orally moved for a continuance and psychiatric examination.  *Id.*  The trial court granted the motion, and on November 12, 2008, entered an "Agreed Order of Continuance," stating that "Defendant is to undergo a psychiatric evaluation at his own expense and the parties need additional time for plea negotiations." [36-5] at 33.  The trial court also continued the trial until March 3, 2009.  *Id.*  On November 21, 2008, the trial court entered an "Agreed Order of Continuance for Psychiatric Examination," which restated that the trial had been continued to March 3, 2009, and that reiterated "Defendant is to be examined by a competent psychiatrist(s) for a determination of Defendant's mental and/or psychiatric condition.  A report of the mental examination shall be provided directly to the Defendant's counsel immediately upon completion of the examination." [36-6] at 16.  After another agreed continuance, the matter was set for trial on June 3, 2009.  *Smith*, 149 So. 3d at 1030.  On June 3, 2009, Smith filed a petition to plead guilty to one count of kidnapping, armed carjacking, and felony fleeing.  *Id.*

At the June 3 plea hearing, "Smith stated that he had been treated for depression and 'psychosis or something like that,' and was taking medication for those conditions."  *Smith*, 149 So.3d at 1030.  After the trial court found that Smith's plea was knowingly, intelligently, and

voluntarily made, it accepted the guilty plea and sentenced him to thirty years with twelve years suspended, and eighteen years to serve for kidnapping; to thirty years with twelve years suspended, and eighteen years to serve for armed carjacking; and to five years for felony fleeing, with all sentences to run concurrently. *Id.*[3]

On December 14, 2011, Smith filed the first of two *pro se* motions for post-conviction relief attacking his convictions. *Id.* The trial court dismissed his first motion, and he filed a second motion for post-conviction relief on February 22, 2012. *Id.* In that filing, he argued that "the trial court had erred by accepting his guilty plea because the mental evaluation ordered by the court never had been performed, and no competency hearing had occurred." *Id.* He asserted that he was mentally incompetent at the time of the hearing and that his attorney had provided ineffective assistance of counsel by failing to investigate adequately his mental condition and to ensure that he received a mental evaluation. *Id.* The trial court dismissed Smith's motion for post-conviction relief as successive. *Id.* at 1031. "Alternatively, the trial court held that no competency hearing had been required because the court never had made a finding that reasonable ground existed as to Smith's competency." *Id.*

On appeal, the Mississippi Court of Appeals observed "that while the circuit court did order Smith to undergo a mental evaluation at Smith's request and expense, at no point was there a determination made by the circuit court that Smith's competency to stand trial or enter a guilty plea was ever questioned." *Smith v. State*, 149 So. 3d 1048, 1052 (Miss. Ct. App. 2013). The appeals court ultimately concluded that Smith was "not entitled to a mental evaluation or

---

[3]"The trial court also ordered that Smith be placed in the Therapeutic Community Treatment Program, that he have a full mental-health examination while incarcerated, and that he must take all prescribed medications." *Smith*, 149 So.3d at 1030.

subsequent competency hearing. . . ." *Id.* at 1053.

The Mississippi Supreme Court granted Smith's petition for writ of *certiorari* and limited its review "to Smith's claim that, because the trial ordered a mental evaluation, the court could not accept his guilty plea until a mental evaluation and competency hearing had occurred." *Smith*, 149 So. 3d at 1031. After review of the record, on October 30, 2014, the Mississippi Supreme Court issued a decision finding that "[b]ecause significant ambiguity surrounds the reason the trial court ordered a mental evaluation, we reverse and remand for an evidentiary hearing on this issue pursuant to Mississippi Code Section 99-39-19 (Rev. 2007)." *Id.* at 1035.

According to Defendant Myers, Smith withdrew his guilty plea on remand, a psychiatrist subsequently found him competent to stand trial, and the charges remain pending against him. [39] at 5.

Smith filed this action on May 12, 2015. [1]. According to the Complaint, Myers conspired with Carmody and Stewart to violate Smith's due process rights when he entered his guilty plea on June 3, 2009, in the Circuit Court of Jackson County, Mississippi, to one count of kidnapping, armed carjacking, and felony fleeing while "possibly incompetent." [1] at 5; *Smith v. State*, 149 So.3d 1027, 1030 (Miss. 2014). As an allegedly mentally ill person, Smith asserts that the defendants conspired to discriminate against him in violation of §§ 1983, 1985(3), and 1986, thereby depriving him of equal protection under the law. *Id.* He alleges that his counsel misinformed him that he had to pay for the costs of a mental evaluation, which resulted in his being sentenced without one. *Id.* at 6-7. He also appears to assert a claim of legal malpractice against his counsel. *Id.* at 4, 7.

In response to the Court's Order [8], Smith filed an Amended Complaint [11], in which

he clarifies that he had retained Defendants Carmody and Stewart. [11] at 2. He asserts that in November 2008, the Defendants had agreed to have him evaluated for competency, and that the trial judge signed an order for his evaluation. *Id.* However, he alleges that the Defendants made a conscious choice to forego the evaluation. *Id.* at 4. Smith represents to the Court that after his case was remanded, the State chose not to re-indict him on the kidnapping charge, on which he had previously been convicted. *Id.* at 4-5. Smith admits that the State has, however, pursued another charge of kidnapping that had been "nol pros'd" in 2009, and charges of armed carjacking, and fleeing and eluding. *Id.*

In response to this action, Myers filed an answer [22] and later filed a motion to dismiss [38] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that Smith's § 1983 claims brought against her as a prosecutor are barred by absolute immunity. Defendants Stewart and Carmody filed answers [19, 23], followed by a motion for summary judgment [36]. In their summary judgment motion, Stewart and Carmody argue, *inter alia*, that they are not state actors, thus Plaintiff's § 1983 claims cannot stand. All Defendants assert that Plaintiff's claims of conspiracy are without factual basis, and that, likewise, Plaintiff's § 1985(3) and § 1986 claims fail. Alternatively, all Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations.

## II. Discussion

### A. Defendant Angel Myers

Defendant Myers has moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which states that claims may be dismissed for "failure to state a claim upon which relief can be granted." To properly state a claim, "[f]actual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

In addition, a court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted, if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted). The Court has permitted Smith to proceed IFP in this action, and his Complaint is subject to dismissal under § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Myers argues that as an Assistant District Attorney, she is entitled to absolute immunity from suit and liability for her role in negotiating a plea agreement with Smith and his attorneys. When acting within the scope of her "role as advocate for the State," a district attorney enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1986). In *Imbler*, the United States Supreme Court held that a prosecutor was entitled to absolute immunity "in initiating a prosecution and in presenting the State's case." *Id.* at 431. "In analyzing whether the [prosecutor] is absolutely immune, the court

must look to the conduct at issue and then determine if the conduct falls within the scope of actions that are immune." *Mackey v. Helfrich*, 2010 WL 5805571, *3 (S.D. Miss. Dec. 13, 2010), *adopted*, 2011 WL 532406 (S.D. Miss. Feb. 9, 2011); *aff'd*, 442 Fed. App'x 948 (5th Cir. 2011).

Myers's actions related to the negotiation of and entry of a plea agreement were "intimately associated with the judicial phase of the criminal process," thus she is entitled to immunity. *See Imbler*, 424 U.S. at 431 (holding that absolute immunity follows conduct that is directly related to the trial); *Hernandez v. Kirkendall*, 2014 WL 3853642, *3 (W.D. Tex. Aug. 5, 2014)(finding that absolute immunity applied to plaintiff's § 1983 claim against prosecutor for conduct related to plea agreement, where plaintiff alleged that prosecutor coerced plea agreement through "fraud, fear and intimidation," citing *Rodriguez v. Lewis*, 427 Fed. App'x 352, 353 (5th Cir. 2011)). Moreover, even Plaintiff's allegations of a conspiracy are not sufficient to defeat the shield of absolute prosecutorial immunity. *Darnell v. Conder*, 2006 WL 2354932, *2 (N.D. Tex. Aug. 15, 2006). When the "underlying activity at issue is covered by absolute immunity, the 'plaintiff derives no benefit from alleging a conspiracy.'"*Pinaud v. County of Suffolk,* 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting *Hill v. City of New York,* 45 F.3d 653, 659 n.2 (2d Cir. 1995)). Thus, Myers is entitled to prosecutorial immunity for Smith's claims brought pursuant to § 1983.

Likewise, prosecutorial immunity extends to Smith's claims brought under §§ 1985(3)[4]

---

[4] 42 U.S.C. § 1985(3) provides, in relevant part:

If two or more persons in any State or Territory conspire. . .for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;. . . in

and 1986. Because § 1985 "embraces traditional notions of immunity," Myers is also entitled to immunity from suit under § 1985. *Gales v. Helfrich*, 2015 WL 4276406, *3 (S.D. Miss. July 14, 2015)(dismissing § 1983, § 1985, and state law claims brought against state court prosecutors based on their pursuit of two criminal actions against plaintiff). Moreover, having failed to demonstrate a claim pursuant to § 1985, Smith cannot sustain a claim under § 1986.[5] *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). Accordingly, Myers's motion to dismiss should be granted, and all of Plaintiff's claims against her should be dismissed with prejudice.

### B. Defendants Stewart and Carmody

Defendants Stewart and Carmody have moved for summary judgment as to all of Plaintiff's claims. Smith has responded to the motion and argues that Stewart and Carmody, his retained counsel, participated in a conspiracy with a state actor to deprive him of his federal rights. [44] at 3. He also argues that the conspiracy resulted in discrimination against the mentally ill, in violation of § 1985(3). *Id.* at 4. Smith further asserts that his § 1986 claim survives. *Id.* at 5. Finally, Smith asserts that he has stated a feasible claim of legal malpractice. *Id.* at 6. He argues that through affidavits, the documents on file, and his verified original

---

   any case of conspiracy set forth in this section, if one or more persons engaged
   therein do, or cause to be done, any act in furtherance of the object of such
   conspiracy, whereby another is injured in his person or property, or deprived of
   having and exercising any right or privilege of a citizen of the United States, the
   party so injured or deprived may have an action for the recovery of damages
   occasioned by such injury or deprivation, against any one or more of the conspirators.

  [5]42 U.S.C. § 1986 provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid . . . neglects or refuses so to do . . . shall be liable to the party injured."

complaint, he has created a genuine issue of material fact to defeat summary judgment.

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

Having reviewed the complaint, amended complaint, and filings related to the motion for summary judgment, the undersigned finds that Plaintiff's claims against Defendants Stewart and Carmody are not cognizable under § 1983. Smith had retained Stewart and Carmody as his private counsel, and Plaintiff's claims relate to their negotiation of a plea deal on his behalf. Section 1983 "claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679

(5th Cir. 1988). Defense attorneys "[do] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981).

Furthermore, in this case, there is no factual basis to support Smith's § 1985(3) claim of a conspiracy between the state prosecutor and his retained attorneys to violate his rights. Instead, Smith has simply affixed the label of "conspiracy" to his defense counsel's efforts to negotiate a plea deal. Plaintiff's "mere characterization of defendants' conduct 'as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted.'" *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985)(citations omitted). Furthermore, Plaintiff fails to allege a claim of a race-based conspiracy and, in fact, has reiterated in his response to the summary judgment motion that he claims "discrimination against the mentally ill [, thus] satisfying the animus element required by § 1985(3)." [44] at 4. "In this circuit, we require an allegation of a race-based conspiracy to present a claim under § 1985(3)." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001). Thus, Smith does not state a cognizable claim under § 1985(3).

Plaintiff also asserts a claim under 42 U.S.C. § 1986, which provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid . . . neglects or refuses so to do . . . shall be liable to the party injured." As demonstrated *supra*, Smith has failed to allege a cognizable claim against his attorneys pursuant to § 1985, thus he cannot maintain a claim under § 1986. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010)("Having failed to demonstrate a claim under § 1985, by definition [plaintiff] cannot sustain a claim under

§ 1986."). Accordingly, for the foregoing reasons, Defendants Stewart and Carmody are entitled to summary judgment as to Plaintiff's claims brought pursuant to §§ 1983, 1985(3), and 1986.

Thus, the only remaining claim against Stewart and Carmody is Smith's state law claim of legal malpractice, over which this Court may only exercise pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's rights." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). "The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants." *Harper v. Forrest Cnty.*, 859 F. Supp. 251, 256 (S.D. Miss. 1994)(citing *Laird v. Board of Tr. of Insts. of Higher Learning,* 721 F.2d 529 (5th Cir. 1983)). However, where the "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Gibbs,* 383 U.S. at 726.

In this case, the undersigned finds that the interests of justice require that this Court decline to exercise pendent jurisdiction over the remaining state law claim of legal malpractice. Accordingly, the undersigned recommends that the legal malpractice claim be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Motion to Dismiss [38] filed by Defendant Angel Myers be granted, and all of Smith's claims against Defendant Angel Myers be dismissed with prejudice. The undersigned also recommends that the Motion for Summary Judgment [36] filed by Defendants Kevin Stewart and Victor Carmody, Jr., be granted as to Smith's claims brought pursuant to 42 U.S.C. § 1983, 1985(3), and 1986, and that these claims be dismissed with prejudice. The undersigned further recommends that the Court decline

to exercise pendent jurisdiction over the remaining state law claim of legal malpractice, and, therefore, the claim of legal malpractice should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of August, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE