IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONALD KEITH SMITH**                                                                         **PLAINTIFF**

**V.**                                                                     **CAUSE NO. 3:15-CV-356-CWR-FKB**

**ANGEL MYERS; VICTOR CARMODY,**                         **DEFENDANTS**
**JR.; KEVIN STEWART**

**ORDER**

Before the Court are Angel Myers' motion to dismiss, Victor Carmody and Kevin Stewart's motion for summary judgment, the Magistrate Judge's Report and Recommendation (R&R) on those motions, and the plaintiff's objection to the R&R. The matters are fully briefed and ready for adjudication.

The plaintiff's objection makes several fair points. Because Myers' dispositive motion was filed after she answered the complaint, it should have been captioned as a motion for judgment on the pleadings. The same legal standard would have applied, *see Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), which means the error was harmless, but the objection is nevertheless well-taken.

The plaintiff's objection to the lack of discovery also has some merit. Carmody and Stewart cannot credibly argue that the plaintiff lacks evidence to support his claims when the plaintiff has not been permitted to take discovery to gather that evidence.

Other objections are less persuasive. The plaintiff complains of 42 U.S.C. § 1985(3)'s race-based interpretation,[1] but that interpretation is binding upon this Court. His arguments are preserved for further review.

---

[1] The plaintiff has identified a conflict within Fifth Circuit precedent. In *Galloway v. Louisiana*, the court stated that § 1985(3) prohibits discrimination against "groups with inherited or immutable characteristics (e.g., race, gender, religion, or national origin), or that the discrimination resulted from the plaintiff's political beliefs or associations."

Perhaps the plaintiff's most important objection contends that summary judgment should not have been granted on his conspiracy claims against Carmody and Stewart. Although those defendants certainly had moved for summary judgment, which was unusual given the lack of discovery, it appears that the Magistrate Judge ruled the way he did because the conspiracy claims failed for lack of sufficient allegations – they failed to state a claim – and *not* on the basis that there was a fatal lack of evidence.[2]

On further review, moreover, this Court finds no error in dismissing the conspiracy claim as conclusory. The Fifth Circuit's ruling in *Mills v. Criminal District Court No. 3* explains why:

> This court has repeatedly held . . . that private attorneys who have conspired with state officials may be held liable under section 1983 even though the state officials with whom they conspire are themselves immune from suit. In the case before us, however, we find no factual basis in Mills' complaint to support such a conspiracy. According to Mills' complaint, his court-appointed attorney conspired with the judge and prosecutor when the attorney agreed to proceed upon an altered indictment, when he gave Mills erroneous legal advice and when he refused to provide Mills with an opportunity to examine personally certain exculpatory evidence. Even in the manner that plaintiff has couched these allegations in the complaint, however, they clearly reflect independent judgments and actions of the private attorney in the course of representing the defendant during trial. Although the allegations may support an ineffective assistance of counsel claim, they do not support a claim of conspiracy with the prosecution and judge to deny due process or equal protection as Mills claims. In short, the conspiracy element of this complaint is only a conclusory allegation.

---

817 F.2d 1154, 1159 (5th Cir. 1987) (citation omitted); *see also Kimble v. D. J. McDuffy, Inc.*, 648 F.2d 340, 345-46 (5th Cir. 1981) (en banc) (collecting cases). A mere two months later, however, the same court found it "well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987) (citations omitted); *see also Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996) ("We decline the Church's invitation to extend the reach of section 1985(3) to include conspiracies motivated by religious, as opposed, to racial animus."). The Fifth Circuit later wrote "that the scope of § 1985(3) was an 'interesting' question," but stuck with *Deubert* as the law of the circuit. *Newberry v. E. Texas State Univ.*, 161 F.3d 276, 281 & n.2 (5th Cir. 1998) (citation omitted). Other circuits have extended § 1985(3) to conspiracies motivated by gender- or disability-based animus. *See Lake v. Arnold*, 112 F.3d 682, 687 (3d Cir. 1997), *as amended* (May 15, 1997) ("Discrimination based on handicap, including mental handicap, like that based on gender, often rests on immutable characteristics which have no relationship to ability. Where this is the case, we are convinced that the discrimination is invidious and that the reach of section 1985(3) is sufficiently elastic that the scope of its protection may be extended.").

[2] Again, because these defendants had already answered, their dispositive motion was essentially construed as one for judgment on the pleadings.

837 F.2d 677, 679 (5th Cir. 1988) (citation omitted); *see also Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Small v. Dallas Cnty., Tex.*, 170 F. App'x 943, 944 (5th Cir. 2006).

Here, the plaintiff's claims against Carmody and Stewart resolve the same way: they are too conclusory to support a conspiracy between counsel and the prosecutor. They must be dismissed without prejudice. *Mills*, 837 F.2d at 679.

Accordingly, the Court adopts the R&R (as supplemented herein) as its own Order, dismisses the claims against Myers with prejudice, dismisses the federal claims against Carmody and Stewart without prejudice, and dismisses the state law claim against Carmody and Stewart without prejudice to its refiling in state court. A separate Final Judgment shall issue.

**SO ORDERED**, this the 30th day of September, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE